UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES THOMAS, JR., ) | CASE NO. 1:09CV1159 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE SARA LIOI |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| LORAIN COUNTY COMMUNITY ) | |
| COLLEGE, ) | REPORT AND RECOMMENDATION |
| ) | OF MAGISTRATE JUDGE |
| Defendant. ) | |

The instant case is before the undersigned on Defendant Lorain County Community College's (Defendant) motion to dismiss Plaintiff James Thomas, Jr.'s (Plaintiff) complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF Dkt. #11. Plaintiff has not filed a response to the motion to dismiss. For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion to dismiss Plaintiff's complaint. *Id.*

## I. FACTUAL AND PROCEDURAL HISTORY

On May 19, 2009, Plaintiff, an African American male, filed the instant complaint in this Court alleging that Defendant discriminated and retaliated against him in violation of his rights under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq. ECF Dkt. #1. Plaintiff further alleged a state law claim of the intentional infliction of emotional distress. *Id.*

In his complaint, Plaintiff incorporated by reference "each and every fact, statement and allegation contained within his charges filed with the EEOC [Equal Employment Opportunities Commission]." ECF Dkt. #1. Plaintiff attached to his complaint a copy of the charges that he filed with the EEOC on July 20, 2006. ECF Dkt. #1-1. In the charge of discrimination, Plaintiff checked the boxes indicating that he was alleging discrimination based upon race,

color, sex and retaliation. *Id*. He noted that the alleged discrimination began at its earliest on January 19, 2006 and occurred at the latest on May 9, 2006. *Id*. In the section specified as "Particulars" which allowed for further information, Plaintiff provided a history of the alleged discrimination. *Id*. at 4-7. He explained that he was hired on January 10, 2006 as an adjunct faculty laboratory instructor for anatomy and physiology and human biology by Defendant and he averred numerous instances of discriminatory and harassing behavior. *Id*. at 4-7.

On March 13, 2007, the EEOC issued Plaintiff a notice of dismissal and right to sue letter, indicating that it was closing its file on Plaintiff's charges because it was unable to conclude that the information provided by Plaintiff established a violation of the statutes. ECF Dkt. #1-1 at 2. The dismissal notice further explained Plaintiff's "Notice of Suit Rights" which informed him that under Title VII, the notice would be Plaintiff's only notice of dismissal and right to sue and that he must file his lawsuit within 90 days of his receipt of the notice. *Id.*

On June 14, 2007, Plaintiff filed a lawsuit in this Court based upon the complaints alleged in his July 20, 2006 charge of discrimination which was dismissed by the EEOC on March 13, 2007. *See* ECF Dkt. #1 in Case Number 1:07CV1757. The complaint that Plaintiff filed in that case is the identical complaint that he has filed in the instant case. He further attached to the complaint in Case Number 1:07CV1757 the same dismissal notice and charge of discrimination that he attached to his complaint in the instant case. The parties consented to the jurisdiction of the undersigned in the 2007 case and on May 15, 2008, the undersigned issued a order to show cause as to why the Court should not dismiss Plaintiff's complaint based upon his failure to prosecute due to his lack of appearance at a scheduled hearing and his failure to comply with the discovery requests of the defendant, the same defendant that is the Defendant in the instant case. ECF Dkt. #21. On May 16, 2008, Defendant filed a motion to dismiss Plaintiff's case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure due to Plaintiff's failure to appear at the scheduled hearing, his blatant disregard of the Court's Orders, and his reckless disregard for the effect of his actions on the discovery process. *Id.*

On May 21, 2008, Plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. ECF Dkt. #23. On the same date, this Court issued an Order dismissing Plaintiff's case without prejudice. ECF Dkt. #24.

Plaintiff thereafter brought the instant lawsuit on May 19, 2009 in this Court. ECF Dkt. #1. The Honorable Judge Sara Lioi referred this case to the undersigned for general pretrial supervision. ECF Dkt. #9. On September 30, 2009, Defendant filed the instant motion to dismiss. ECF Dkt. #11. On October 15, 2009, Plaintiff filed a motion for an extension of time for thirty days in which to file a response to Defendant's motion. ECF Dkt. #13. The Court granted Plaintiff until November 16, 2009 in which to file a response. On November 17, 2009, Plaintiff filed another motion for extension of time for another thirty days in which to file a response to the motion to dismiss. ECF Dkt. #14. The Court granted Plaintiff's motion on the same date.

Accordingly, Plaintiff had until December 17, 2009 in which to file his response to Defendant's motion to dismiss. As of the date of this Report and Recommendation, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's complaint based upon Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff failed to timely file his lawsuit in this Court within ninety days of receiving the right to sue letter from the EEOC as required by 42 U.S.C. § 2000e-5(F)(1). ECF Dkt. #11. The undersigned recommends that the Court review Defendant's motion to dismiss under the standard pertaining to Rule 12(b)(6) since "[i]t is well-settled that the ninety day right to sue provision is an administrative condition precedent, rather than a jurisdictional prerequisite. Consequently, the court should dismiss the action pursuant to Rule 12(b)(6), for failure to state a claim, rather than Rule 12(b)(1) for lack of subject matter jurisdiction." *Mitchell v. Chapman*, 343 F.3d 811, 820, n. 10 (6th Cir. 2003) (internal citation omitted).

The Court can dismiss a complaint under Rule 12(b)(6) only when "it is clear that the plaintiff can prove no set of facts in support of [the] claim that would entitle [the plaintiff] to relief." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all allegations contained in the plaintiff's complaint as true and construes the complaint "liberally in favor of the party opposing the motion." *Id*. at 377. In addition, conditions precedent are similar to statutes of limitations, which means that they are subject to waiver, estoppel and equitable tolling like statutes of limitations. *Mitchell*, 343 F.3d at 820, citing *Truitt v. County of Wayne*, 148 F.3d 664, 646-47 (6th Cir. 1998) and *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981). The foregoing standard of review governs the instant case.

### III.     LAW AND ANALYSIS

Defendant moves to dismiss Plaintiff's claims based upon his failure to timely file the instant lawsuit within ninety days of receiving his right to sue notice from the EEOC. ECF Dkt. #22 at 3. Defendant points out that the instant lawsuit was filed on May 19, 2009 and Plaintiff received his right to sue letter at most five days after the issuance of the EEOC's March 13, 2007 date indicated on the letter as the date mailed. *Id.,* citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557 (6th Cir. 2000)(notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS [right to sue] notification to the claimant's record residential address, by virtue of a presumption with proof that he or she did not *receive* notification within that period." (citations omitted)). Defendant further asserts that the previously-filed lawsuit in this Court has no impact on the instant lawsuit insofar as timeliness because the first lawsuit does not serve to toll the ninety-day period for filing the lawsuit after receipt of the right to sue letter. ECF Dkt. #11 at 3-4, citing *Wilson v. Grumman Ohio Corp*., 815 F.2d 26, 27 (6th Cir. 1987), *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962), *Hall v. Kroger Baking Co.*, 520 F.2d

1204 (6th Cir. 1975) and *Davis v. Smith's Transfer, Inc*., 841 F.2d 139, 140 (6th Cir. 1988).

The undersigned agrees with Defendant and recommends that the Court dismiss Plaintiff's complaint due to his failure to file the instant complaint within ninety days of receiving the EEOC's right to sue letter. Pursuant to 42 U.S.C. § 2000e-5(f)(1), if the EEOC dismisses a charge, the Commission "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). "The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys*, 209 F.3d at 557, citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196(1984)(per curiam); *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), and *Zipes v. Trans World Airlines, Inc*., 455 U.S. 38, 398, 102 S.Ct. 1127, 71 L.Ed. 2d 234 (1982).

There is no doubt that Plaintiff's instant complaint is filed well beyond the ninety-day limit since he filed the complaint in this case on May 19, 2009 and received the right to sue letter on March 19, 2007, the day after March 18, 2007, the actual fifth day of presumptive receipt of the notice, since March 18, 2007 was a Sunday. The question is whether Plaintiff's 2007 federal lawsuit regarding the same charges with the EEOC tolled or otherwise affected the ninety-day period. The undersigned recommends that the Court find that it did not.

As Defendant asserts in its motion to dismiss, the Sixth Circuit has held that the filing of a complaint in federal court within the ninety-day time period that is later dismissed without prejudice does not toll the ninety-day period for filing the lawsuit and is treated as it had never been filed. *Wilson*, 815 F.2d at 27. In *Wilson*, a plaintiff alleging Title VII claims filed a timely civil suit upon receipt of her right to sue letter from the EEOC, but she failed to perfect service on the defendant. 815 F.2d at 27. The district court granted the defendant's motion to dismiss pursuant to the failure to perfect service as required under Rule 4(j) of the Federal Rules of Civil Procedure. *Id*. Wilson thereafter filed the identical complaint one year later in federal court, eighty-five days after the dismissal and over fifteen months after she received the

-5-

right to sue letter. *Id.* The court dismissed Wilson's complaint because it was filed beyond the ninety-day time period for filing the suit. *Id.* The Sixth Circuit Court of Appeals held that the filing of the original complaint did not toll the ninety period at all." *Id.* Citing its decision in *Romer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962), the Court held that "it is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." The *Wilson* Court further held that the district court was correct in finding that the doctrine of equitable tolling did not apply since the plaintiff could not claim that the long delays in the "ultimate filing of this action" were the fault of either the court or the defendant. *Id.* at 29. More recently, in *Canady v. Klaiber*, No. 1:04CV0711, 2007 WL 81858, at *3, unreported (N.D. Ohio Jan. 8, 2007), the Honorable Judge Wells dismissed the plaintiff's Title VII claims as time-barred after she had timely filed her first lawsuit but then motioned for a stipulated dismissal of that suit pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Judge Wells held that *Wilson* barred the plaintiff's refiling of her complaint against the same parties and alleging the same claims one year after the stipulated dismissal as the second lawsuit was beyond the ninety-day filing period. *Id.*

Similarly in this case, Plaintiff timely filed a complaint in this Court on June 14, 2007. ECF Dkt. #1 in Case Number 1:07CV1757. However, he voluntarily dismissed that case on May 21, 2008. ECF Dkt. #23 in Case Number 1:07CV1757. Plaintiff's dismissal without prejudice by virtue of his voluntary dismissal had no impact on the ninety-day filing period required by 42 U.S.C. § 2000e-5(f)(1). It did not toll or otherwise stay the filing period and in fact left the situation as if the lawsuit had never been brought. *Wilson*, 815 F.2d at 27, quoting *Romer*, 304 F.2d 427. Accordingly, the undersigned recommends that the Court find that the instant lawsuit is untimely filed since it was filed nearly two years after he received his right to sue letter.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendant's motion to dismiss Plaintiff's complaint.  ECF Dkt. #11.


Dated: March 22, 2010                                             */s/George J. Limbert*
                                                                                    GEORGE J. LIMBERT
                                                                                    United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation.  L.R. 72.3(b).